UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| OCEAN FARM GEAR & SERVICES LLC, *doing business as* FLIPFARM USA, | ) | |
| Plaintiff | ) | |
| v. | ) | No. 2:26-cv-00368-LEW |
| FLIPFARM SYSTEMS LIMITED, | ) | |
| Defendant | ) | |

**ORDER ON LIMITED RULE 12(b) MOTION TO QUASH INEFFECTIVE SERVICE AND MOTION TO DISMISS**

The matter is before the Court on the Defendant FlipFarm Systems Limited's Motion to Quash Ineffective Service and Motion to Dismiss (ECF No. 19). The Motion is granted in part and denied in part, as explained below.

**A. Motion to Quash Ineffective Service**

The Motion to Quash is granted in part and denied in part. Dismissal is denied, but the service will be quashed. As for service by alternate means, due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," but not actual notice. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) (quoting *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 314 (1950)). Here, Defendant is not only apprised of the pendency of the action, but has actual notice of

and is engaged in it. Nevertheless, Defendant insists on technical compliance because the person served in hand at its New Zealand offices was not a manager or an agent authorized to accept service.

In the interest of justice and in light of the fact that Defendant already has actual notice, I authorize alternate service on Defendant. Specifically, Plaintiff Ocean Farm Gear & Services shall serve Defendant by serving the summons and Complaint by certified mail on The Bayne Law Group, c/o Andrew J. Bayne, Esq., 116 Village Boulevard, New Jersey 08540, and by delivering the same as attachments to an email delivered to Aaron Pannell at his FlipFarm email address.

**B. Motion to Dismiss**

Defendant argues that Plaintiff has failed to state a claim for relief on Counts III through IX of the Complaint and that the Court should restrict the scope of Counts I and II to conform to the parties course of dealings at most rather than Plaintiff's wish list of terms and conditions for a perpetual franchise. The Motion to Dismiss is granted in limited part and otherwise denied because the core claims (Counts I and II) will proceed in any event and it is apparent that the claims are fact-intensive.

The Motion is denied as to the claims for breach of contract (Count III) and for relief on quasi-contractual and equitable claims (Counts V & VII), misrepresentation-dependent claims (Counts VI and VIII), and the trademark claim[1] (Count IX). The confluence of the

[1] Defendant characterizes the trademark license as "relationship-dependent." Def. Reply (ECF No. 19) at 18. So long as the scope and duration of the parties' relationship remains an issue for the Court's consideration, Count IX will remain in this case.

multi-year contract and course of dealing, Plaintiff's alleged development of Defendant's customer base, Maine's statutory law governing franchises and dealerships, and potential application of and exceptions under the statute of frauds calls for more careful examination of the merits with the benefit of a record.

The Motion is granted only as to the claim for breach of the covenant of good faith and fair dealing (Count IV). However, even those allegations will be considered through consolidation into Count III.

SO ORDERED.

Dated this 27th day of October, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge