UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| OCEAN FARM GEAR & SERVICES LLC, *doing business as* FLIPFARM USA, | ) | |
| Plaintiff | ) | |
| v. | ) | No. 2:26-cv-00368-LEW |
| FLIPFARM SYSTEMS LIMITED, | ) | |
| Defendant | ) | |

**ORDER ON MOTION TO RECONSIDER ORDER DENYING INJUNCTIVE RELIEF**

The matter is before the Court on the Plaintiff Ocean Farm Gear & Services LLC's Motion for Reconsideration of the Order Denying Injunctive Relief (ECF No. 24) and Motion for Oral Argument (ECF No. 25). Defendant FlipFarm Systems Limited opposes both Motions.

In my August 28, 2026, Order on Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 22), I denied injunctive relief based in part on my assessment of the motion record, which did not suggest to me that the FlipFarm system qualifies as a "good" for purposes of Maine franchise laws for power equipment, machinery, and appliances. *See* Order at 7. Based on supplemental exhibits and the Defendant's response to the same, I now find it likely that among the FlipFarm equipment that comprise the FlipFarm system are items of equipment that qualify as goods because there are electric motors affixed to them. I had previously labored under the impression,

likely erroneous with the benefit of supplemental support, that the systems depended on external lines and/or motors to manipulate them and drive their operation. Although I should have been better advised on this point, I agree with Plaintiff that I should exercise my discretion to revisit an interlocutory finding and correct it based on Plaintiff's supplemental evidentiary presentation, subject to the qualification that this is a finding of likely coverage under the franchise law.

"To grant a preliminary injunction, a district court must find the following four elements satisfied: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) a balance of equities in the plaintiff's favor, and (4) service of the public interest." *Arborjet*, *Inc. v. Rainbow Treecare Sci. Advancements*, *Inc*., 794 F.3d 168, 171 (1st Cir. 2015). As the party seeking injunctive relief, OFG bears the burden of establishing that the factors weigh in its favor. *Nat'l Org. for Marriage v. Daluz*, 654 F.3d 115, 117, 119-20 (1st Cir. 2011).

Given the likelihood that Maine franchise law is in play in this case, it is likely that Plaintiff fits the statutory definition of "dealer"; that Defendant fits the statutory definition of "distributor"; and that the relationship between Plaintiff and Defendant qualifies as a "franchise" based on an "oral . . . arrangement." *See* 10 M.R.S. § 1361(1)–(3); *see also id.* § 1364 ("Agreements subject to this chapter"). Under this statute, "it is unlawful . . . [t]o terminate, fail to renew or refuse to continue any franchise relationship . . . without good cause." *Id.* § 1363(3)(C). The statute then states: "The manufacturer has good cause for a termination, cancellation, nonrenewal or noncontinuance as follows." *Id.* None of the itemized definitions of good cause that follow would appear to apply based on the evidence

available at this stage of the litigation. In short, Plaintiff has demonstrated a likelihood of success on the merits with respect to the franchise law for power equipment.

In terms of irreparable injury, the record reflects that Plaintiff has been singularly devoted to Defendant's products such that the cessation of the franchise agreement would result in irreparable harm to Plaintiff. *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 217 F.3d 8, 13 (1st Cir. 2000) ("Because injuries to goodwill and reputation are not easily quantifiable, courts often find this type of harm irreparable."); *Me. Forest Products Council v. Cormier*, 586 F.Supp.3d 22, 61 (D. Me. 2022) ("While economic losses are not generally irreparable, an exception exists where the potential economic loss is so great as to threaten the existence of the movant's business." (internal quotation marks omitted)).

The record also supports the necessary additional findings that the balance of equities and the public interest favor Plaintiff because preservation of the status quo does not impose asymmetrical harm to FlipFarm (given the restricted nature of the preliminary injunction awarded herein) and the public interest favors preliminary injunctive relief that upholds the requirements of Maine's franchise laws pending the resolution of this matter.

The remaining question concerns the appropriate measure of injunctive relief. Based on my preliminary review of the record, the oral understandings and course of dealings demonstrate that Keith Butterfield, operating through OFG, and FlipFarm enjoyed an indefinite, mutually beneficial commercial relationship involving the sale and servicing of FlipFarm products sold to identifiable oyster farmers operating in the eastern United States. That relationship was contractual but it was never reduced to a mutually agreeable written dealership or franchise agreement with the various rights that OFG wishes this

Court to impose by means of a preliminary injunction. Nor can I find on the current record that the parties mutually agreed to the many terms[1] recited by OFG in its proposed order. Accordingly, I conclude that the appropriate measure of injunctive relief is for FlipFarm to maintain OFG as a dealer pending further order of this Court and to honor in good faith OFG's outstanding orders, existing as of June 19, 2026, the date on which Defendant sent its 120-day notice, by supplying and supporting the same. See Compl. Ex. U. In addition, Defendant will maintain Plaintiff as its dealer and honor in good faith new orders originating with OFG and placed by OFG customers existing as of June 19, 2026, without prejudice to FlipFarm's ability to challenge the same based on any franchise agreement that may exist with another distributor operating outside the territorial boundaries of Maine. *See*, *generally*, *Rhode Island Truck Ctr., LLC v. Daimler Trucks N. Am., LLC*, 180 F.4th 365 (1st Cir. 2026) (restricting extraterritorial application of Rhode Island dealership law based on Dormant Commerce Clause principles).

CONCLUSION

OFG's Motion for Reconsideration (ECF No. 24) is GRANTED. OFG's Motion for Oral Argument (ECF No. 25) is DENIED. The earlier Order on Motion for Temporary

[1] The terms suggested by OFG in a proposed preliminary injunction order reach a wide array of matters with headings that include "Supply Continuity," "Invoicing and Release of Goods," "Allocation of Supply-Constrained Products," "Most-Favored Pricing," "No Undercutting in Territory," "Price Ring-Fence During Pendency," "Defect, Failure, and Safety Disclosures," "Design-Change Notice," "Full Availability; Anti-Evasion," "Manuals, Technical Bulletins, and Pricing Information," and "Territory Referrals." Proposed Order (ECF No. 3-2).

Restraining Order and Preliminary Injunction (ECF No. 22) is superseded by this Order.

Preliminary injunctive relief is awarded as outlined in the body of this Order.

SO ORDERED.

Dated this 27th day of October, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge